

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Stephanie A. Slaw
Assistant Corporation Counsel
phone: 212-442-8923
fax: 212-788-9776
email: ssiaw@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/11/08

December 9, 2008

BY FAX
Honorable Denny Chin
United States District Judge
Southern District of New York
500 Pearl St. Rm. 1020
New York, New York 10007

    Re: *Awilda Baretto, et al. v. City of New York, et al.*, 08-CV-9849 (DC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant City of New York. I am writing without the consent of plaintiff's counsel, Michael Colihan, Esq., to request a sixty-day enlargement of time, from December 11, 2008 to February 11, 2009, within which this office may answer or otherwise respond to the complaint.[1] This is the City's first request for an enlargement of time in this action.

---

[1] Defense counsel left a message with Mr. Colihan in regards to his consent to a sixty day enlargement of time. Mr. Colihan left a message with defense counsel stating that he would consent to a sixty day enlargement of time only if he received written permission to amend the complaint to replace the John Does in the complaint with names of police officers. Defense acknowledges that plaintiff is free to amend the complaint before being served with a responsive pleading or thereafter for good cause. See Fed. R. Civ. P. 15(a).

The plaintiffs allege, *inter alia*, violations of their constitutional rights when they were allegedly falsely arrested and imprisoned by police officers. In addition to the City, plaintiffs purport to name Police Officer White and Captain Thomas Pascale as defendants.[2]

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we are in the process of forwarding to plaintiff for execution a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to § 160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal matter. Defendant cannot obtain these records without the designation, and without the records, defendant cannot properly assess this case or respond to the complaint.

In view of the foregoing, it is respectfully requested that the Court grant the within request extending defendant, City of New York's time to answer or otherwise respond to the complaint until February 11, 2009.

Thank you for your consideration of this matter.

Respectfully submitted,

Stephanie A. Siaw
Assistant Corporation Counsel

cc:   VIA FAX & HAND
      Michael Colihan
      Attorney for Plaintiff
      26 Court Street, Suite 911
      Brooklyn, NY 11201
      (718) 488-7788
      (718) 694-0357

APPLICATION GRANTED.
SO ORDERED

Denny Chin, U.S.D.J.
12/11/08

---

[2] A review of the docket sheet indicates that Police Officer White and Captain Thomas Pascale have not been served with process.

2