UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

Awilda Baretto & Luis Baretto,

**ANSWER**

Plaintiffs,

-against-

08 CV 9849 (DC)

THE CITY OF NEW YORK, Police Officer White and
Captain Thomas Pascale and John Doe 1-15,

**JURY TRIAL DEMANDED**

Defendants.

------------------------------------------------------------------------ x

Defendant, City of New York,[1] by its attorney Michael A. Cardozo, Corporation
Counsel of the City of New York, as and for an answer to the complaint, respectfully
alleges, upon information and belief, as follows:

1.    Denies the allegations set forth in paragraph "1" of the complaint, except
admits that plaintiffs purport to bring the action as stated therein.

2.    Denies the allegations set forth in paragraph "2" of the complaint, except
admits that plaintiffs purport to base jurisdiction as stated therein.

3.    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "3" of the complaint.

4.    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "4" of the complaint.

5.    Admit.

6.    Denies knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in paragraph "6" of the complaint.

7.    Denies the allegations set forth in paragraph "7" of the complaint, except admit that Captain Thomas Pascale is employed by the City of New York.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9.    Denies, except admits that a document purporting to be a Notice of Claim was served upon the Office of the Comptroller.

10.    Denies, except admits that a document purporting to be a Notice of Claim was served upon the City of New York and that no payment has been made by the City.

11.    Denies, except admits that more than ninety days have passed since the service of the purported Notice of Claim.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Denies the allegations set forth in paragraph "13" of the complaint.

14.    Denies the allegations set forth in paragraph "14" of the complaint.

15.    Denies the allegations set forth in paragraph "15" of the complaint.

16.    In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "14", inclusive of this answer, as if fully set forth therein.

17.    Denies the allegations set forth in paragraph "17" of the complaint

18.    Denies the allegations set forth in paragraph "18" of the complaint.

19.    In response to the allegations set forth in paragraph "19" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "18",

---

[1] Upon information and belief defendants defendants White and Pascale and not been served with process to date.

inclusive of this answer, as if fully set forth therein.

20.     Denies the allegations set forth in paragraph "20" of the complaint.

21.     Denies the allegations set forth in paragraph "21" of the complaint.

22.     Denies the allegations set forth in paragraph "22" of the complaint.

23.     In response to the allegations set forth in paragraph "23" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "22", inclusive of this answer, as if fully set forth therein.

24.     Denies the allegations set forth in paragraph "24" of the complaint.

25.     Denies the allegations set forth in paragraph "25" of the complaint.

26.     In response to the allegations set forth in paragraph "26" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "25", inclusive of this answer, as if fully set forth therein.

27.     Denies the allegations set forth in paragraph "27" of the complaint.

28.     Denies the allegations set forth in paragraph "28" of the complaint.

29.     Denies the allegations set forth in paragraph "29" of the complaint.

30.     In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21", inclusive of this answer, as if fully set forth therein.

31.     Denies the allegations set forth in paragraph "31" of the complaint except denies knowledge or information concerning whether Luis Baretto is in fact the husband of Awilda Baretto.

32.     Denies the allegations set forth in paragraph "32" of the complaint.

33.     Denies the allegations set forth in paragraph "33" of the complaint.

## FOR A FIRST AFFIRMATIVE DEFENSE

34.    The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## FOR A SECOND AFFIRMATIVE DEFENSE

35.    Any injuries in the complaint were caused, in whole or in part, by plaintiffs' culpable or negligent conduct.

## FOR A THIRD AFFIRMATIVE DEFENSE

36.    Plaintiff's arrest and detention were privileged.

## FOR A FOURTH AFFIRMATIVE DEFENSE

37.    At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of their discretion.

## FOR A FIFTH AFFIRMATIVE DEFENSE

38.    Defendant has not violated any rights, privileges or immunities secured to plaintiffs by the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has any defendant violated any act of Congress providing for the protection of civil rights.

## FOR A SIXTH AFFIRMATIVE DEFENSE

39.    Punitive damages can not be assessed against the City of New York.


WHEREFORE, defendant respectfully requests judgment dismissing the

complaint in its entirety, together with the costs and disbursements of this action, and

such other and further relief as the Court may deem just and proper.


Dated: New York, New York
        February 10, 2009



                                        MICHAEL A. CARDOZO
                                        CORPORATION COUNSEL
                                        Attorney for Defendant City of New
                                        York

                                        By:              /s/

                                        Stephanie A. Siaw
                                        Assistant Corporation Counsel




TO: Michael Colihan, Esq
Attorney for Plaintiffs
44 court Street Rm 911
Brooklyn, NY 11201